IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mondre Edwards, ) | Case No.: 4:25-cv-12543-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND OPINION |
| Sterling C. Poston, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, a state pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2025, the Magistrate Judge entered a Proper Form Order directing Plaintiff to bring the case into proper form by submitting a completed in forma pauperis motion, summons, and Form USM-285, or by paying the filing fee. (DE 5.) The order cautioned that failure to comply could result in dismissal under Federal Rule of Civil Procedure 41(b).

Instead of submitting the required documents, Plaintiff filed several letters and a motion for extension of time. (DE 7; DE 8; DE 9; DE 10.) On October 3, 2025, the Magistrate Judge entered a second Proper Form Order and a related Order granting in part and denying in part Plaintiff's motion for extension, again instructing Plaintiff to comply with the Court's prior directives within twenty-one (21) days. (DE 11; DE 12.) Those orders, along with new copies of the required forms, were mailed to Plaintiff at his address of record. The record does not reflect that any of those mailings were returned as undeliverable.

1

Despite these clear instructions and warnings, Plaintiff has not complied with the Court's orders. Instead, he has continued to file miscellaneous correspondence and motions unrelated to the proper form requirements or the substance of his claims. (See DE Nos. 14–23.) The deadline for compliance has long since expired, and Plaintiff has not submitted the necessary forms or otherwise moved this action forward.[1]

Federal courts possess the inherent authority to manage their dockets and ensure the orderly disposition of cases. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action when the plaintiff fails to prosecute or to comply with a court order. See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate when a plaintiff disregards a court order after being warned); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982).

Here, Plaintiff was explicitly advised that failure to comply could result in dismissal, yet he has failed to do so. The Court, therefore, concludes that Plaintiff has abandoned this action and that dismissal without prejudice is appropriate.

Accordingly, this action is DISMISSED without prejudice for failure to prosecute and failure to comply with the Court's orders pursuant to Rule 41(b) of the

---

[1] To the extent Plaintiff's letter (DE 18) states, "I wish to amend my complaint only to have my case reviewed to acquit me of this charge," such a request would be futile. Even if Plaintiff had complied with the Court's prior proper form orders, this Court would be required to abstain from intervening in Plaintiff's ongoing state criminal proceedings under Younger v. Harris, 401 U.S. 37, 43–44 (1971). Federal courts do not sit to review or overturn pending state criminal prosecutions, nor do they possess the authority to acquit a state detainee of state charges.

Federal Rules of Civil Procedure. All pending motions are DENIED as moot. The Clerk of Court is directed to close the case.

    IT IS SO ORDERED.

November 7, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.